IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. 1:24-CV-416 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **DAN ZHANG,** | : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 17th day of July, 2024, upon consideration of the United States' motion (Doc. 4) for service by posting property and certified mail, wherein the government notes that it has attempted to personally serve defendant Dan Zhang with its complaint (Doc. 1) but Zhang's whereabouts are unknown, (see Doc. 4 ¶¶ 1-4), and further notes that it has made good faith efforts to locate Zhang by, *inter alia*, inquiring into postal authorities, examining local telephone directories, and reviewing credit bureau reports, (see id. ¶¶ 2-10; see also Docs. 4-1, 4-2, 4-3), and the court observing that Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may serve an individual defendant pursuant to the law of the state "where the district court is located or where service is made," see FED. R. CIV. P. 4(e)(1), and that, in Pennsylvania, "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the

method of service," see PA. R. CIV. P. 430(a),[1] and the court further observing that alternative service should be allowed only as a "last resort," see United States v. Smith, No. 16-CV-5650, 2017 WL 395486, at *1 (E.D. Pa. Jan. 30, 2017) (collecting cases); accord United States v. Kline, No. 4:17-CV-200, 2017 WL 2080237, at *1 (M.D. Pa. May 15, 2017) (citation omitted), after three conditions are met:

> (1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is reasonably calculated to provide the defendant with notice of the proceedings against him[,]

see Kline, 2017 WL 2080237, at *1 (quoting FMM Bushnell, LLC v. Gilbert Commons, Inc., No. 3:14-CV-1718, 2015 WL 737577, at *3 (M.D. Pa. Feb. 20, 2015)),[2] and the court finding that while the government has exhausted many of the examples of a good faith effort enumerated in Rule 403, (see Doc. 4 ¶¶ 2-4, 8-10; Doc. 4-1 ¶¶ 1-5; Doc. 4-3 at 1-2 (Affidavit of Good Faith Investigation)); see also PA. R. CIV. P. 430(a), Note, it has not reported making any inquiries of Zhang's possible relatives, neighbors, friends, or coworkers despite its discovery of potentially relevant information during its investigation, (see Doc. 4-3 at 4-7 (Accurint Report);

---

[1] "The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." See PA. R. CIV. P. 430(a).

[2] Examples of good faith include: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search." See PA. R. CIV. P. 430(a), Note; accord Kline, 2017 WL 2080237, at *1-2 (citing FMM Bushnell, 2015 WL 737577, at *3).

2

<u>id.</u> at 10 (Google search)), and instead merely notes "[n]o employment found" and "[n]o phone listings for possible relatives [or nearby neighbors]," (<u>see</u> Doc. 4-3 at 1); <u>see also</u> <u>Smith</u>, 2017 WL 395486, at *2 (collecting cases holding that an "Affidavit of Good Faith Investigation" is insufficient to establish plaintiff's good faith effort),[3] and the court further finding that the government has not demonstrated that the requested alternative form of service is reasonably calculated to provide Zhang with notice, especially insofar as it seeks to post a copy of the summons and complaint at an address where it knows Zhang does not reside, (<u>see</u> Doc. 4-2); <u>cf.</u> <u>Kline</u>, 2017 WL 2080237, at *2 n.19 (posting service to abandoned property insufficient), and the court concluding that the government has not yet established the three conditions necessary for alternative service, <u>see</u> <u>Kline</u>, 2017 WL 2080237, at *1 (quoting <u>FMM Bushnell</u>, 2015 WL 737577, at *3); <u>see also</u> <u>id.</u> at *2 (noting "service of process is not a mere technicality," but rather a constitutional requirement) (citation omitted), it is hereby ORDERED that the government's motion (Doc. 4) is DENIED without prejudice to its right to renew its request in the event its efforts to effectuate service in compliance with this order are unsuccessful.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[3] We do not consider at this time whether the government undertook practical efforts to serve Zhang through traditional means because it must first engage in a good faith effort to determine a more recent address for Zhang. (<u>See</u> Doc. 4-2 (noting Zhang does not reside at previous address and current tenant had been there for three months as of May 2024)); <u>see also</u> <u>Smith</u>, 2017 WL 395486, at *2 (noting three attempts insufficient without evidence defendant evaded service).